IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JIMMIE D. TAYLOR                                                                            PLAINTIFF

      v.                                       CIVIL NO. 08-3053

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

      Plaintiff, Jimmie Taylor, appealed the Commissioner's denial of benefits to this court. On January 22, 2010, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (Doc. No. 10).  On April 21, 2010, plaintiff moved for an award of $1,031.65 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 4.50 attorney hours of work before the court at an hourly rate of $155.00, 3.75 paralegal hours at an hourly rate of $75.00 and $52.85 in expenses.  (Doc. No. 12-12).  Defendant has filed a response, raising no objections to plaintiff's motion for fees.  (Doc. No. 13).

**§ 406 Fees:**

      Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid.

**AO72A**
**(Rev. 8/82)**

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim. *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991) (quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir.1989). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

3

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under the EAJA at a rate of $155.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. No.12-1) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $155.00 per hour.

Plaintiff's counsel has also requested compensation for paralegal time at the rate of $75.00 per hour. Counsel has submitted affidavits verifying the market rate for paralegal work. (Doc. No. 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8). Accordingly, we find $75.00 per hour for paralegal work to be reasonable. *See Richlin Security Service Company v. Chertoff,* 128 S.Ct. 2007 (U.S. 2008).

4

Plaintiff's counsel requests 0.25 paralegal hours on October 1, 2008 (receipt and review of file-marked copy of the complaint, summons, etc. Review of file) and .75 paralegal hours on December 15, 2008 (Letters to all parties serving the summons with attached complaint upon them. Review of file). Unfortunately, this time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 1.00 paralegal hours must be deducted from the total compensable time sought by counsel.

In addition, counsel seeks 0.25 paralegal hours on September 23, 2008 (receipt and review of Order granting the application to proceed informa pauperis. Review of file) and .25 paralegal hours on February 17, 2009 (Receipt and review of briefing schedule. Prepared ticklers. Review of file.). We note that the Orders referred to are simple one page documents. Further, the Affidavit of Service is a two page document (minus the certificate of service) used by counsel in all cases he files with this Court. Being well-versed in the area of Social Security Law and having represented numerous clients before this Court, we do not believe it should have taken counsel's staff this length of time to complete these tasks. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, .65 paralegal hours will be deducted from the total amount awarded.

We note that counsel has included a review of file with every entry on his time sheet. However, EAJA requires "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed" and including "a detailed description of the subject matter of the work." 28 U.S.C. § 2412(d)(1)(B). Accordingly, we do not find that the

5

mere recitation of Review of File at the end of every time entry qualifies as a detailed description of the subject matter of the work and entitles counsel or his paralegal to additional time.

Finally, counsel seeks reimbursement for $52.85 in expenses incurred with regard to postage and photocopies. Such expenses are recoverable under the EAJA and we find $52.85 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Based on the above, we recommend awarding plaintiff's attorney fees under the EAJA for: 4.50 attorney hours, at the rate of $155.00 per hour, 2.10 (3.75-1.65) paralegal hours at an hourly rate of $75.00, and for $52.85 in expenses, for a total attorney's fee award of $907.85. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future. Further, this award should be paid directly to plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 26th day of May 2010.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)